FILED

May 25, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:58 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| David Rowland, | ) | Docket No.: 2016-06-1505 |
| Employee, | ) | |
| v. | ) | State File No.: 61358-2016 |
| Music City Window and Paint | ) | |
| Protection, | ) | Judge Thomas Wyatt |
| Uninsured Employer, | ) | |

## COMPENSATION HEARING ORDER
## GRANTING SUMMARY JUDGMENT

This claim came before the undersigned Workers' Compensation Judge on May 25, 2017, for a telephonic hearing on the Motion for Summary Judgment filed by Music City Window and Paint Protection. Mr. Rowland did not file a response to the motion.

Music City originally filed for dismissal under Tennessee Rule of Civil Procedure 12.02 (2016). Because the determination of that motion required the Court to consider matters outside the pleadings on file, the Court ordered Music City to file a Rule 56 motion for summary judgment if it wanted the Court to consider dismissal of Mr. Rowland's claim. *See* Tenn. R. Civ. P. 12.02 (2016). Music City filed its Motion for Summary Judgment on April 20, 2017.

In support of summary judgment, Music City submitted the affidavit of its owner, Dave Croft, asserting that he had never employed more than three employees at any one time since he opened Music City in 2004. He averred that, on the date of Mr. Rowland's injury, Music City had three employees, including Mr. Rowland. As an additional basis for summary judgment, Music City relied on the affidavit Mr. Rowland filed in support of his Request for Assistance, which stated, "I understand that [Mr. Croft] is not required to have workers' comp insurance due to lack of employees."

Music City contended the above statements establish there is no genuine issue of material fact that, on the date of Mr. Rowland's injury, Music City employed only three

1

employees. Accordingly, it argued the Court must dismiss Mr. Rowland's workers' compensation claim on summary judgment, since Tennessee Code Annotated section 50-6-102(13) (2016) exempts employers with fewer than five employees from the obligations imposed by the Workers' Compensation Law. Mr. Rowland neither rebutted Mr. Croft's affidavit about Music City having only three employees on the date of injury, nor did he seek to withdraw or explain the statement in his affidavit.[1] In fact, during the hearing, Mr. Rowland stated he now understood that the law did not require Music City to pay workers' compensation benefits because it did not employ five or more employees at the time of injury.

The standard for adjudicating motions for summary judgment is set forth in *Mitchell v. Ranstad North America*, 2017 TN Wrk. Comp. App. Bd. LEXIS 2, at *7 (Jan. 13, 2017), which states:

> When a party who does not bear the burden of proof at trial files a motion for summary judgment, the party must do one of two things: (1) "[s]ubmit[] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) "[d]emonstrate[] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101 (2016). If the moving party is successful in meeting this initial burden of production, the nonmoving party must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. *See Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

For the purpose of imposing the obligation to provide workers' compensation benefits, Tennessee Code Annotated section 50-5-102(13) defines the term "employer" as "any individual, firm, association or corporation . . . using the services of not less than five (5) employees for pay[.]" On summary judgment, Music City came forward with evidence that it had only three employees on the date of injury. Mr. Rowland did not rebut Music City's evidence on this point. Accordingly, Music City negated an essential element of Mr. Rowland's claim—the applicability of the Workers' Compensation Law to Mr. Rowland's injury. In view of that fact, the Court grants summary judgment dismissing Mr. Rowland's claim with prejudice.

---

[1] Music City also included Mr. Croft's statement that Music City had three employees on the date of injury and Mr. Rowland's affidavit statement in a Statement of Undisputed Facts. Mr. Rowland did not respond to the Statement.

Music City shall pay the $150.00 filing fee established by Tennessee Compilation Rules and Regulations 0800-02-21-.07 (November 2016). Music City shall pay the fee to the Bureau within five days from the date of the issuance of this order. Furthermore, Music City shall prepare and file a statistical data form within ten business days of the date of this order, under Tennessee Code Annotated section 50-6-244 (2016).

**IT IS SO ORDERED.**

**ENTERED this the 25th day of May, 2017.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 25th day of May, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| David Rowland, Self-Represented Employee | | | X | Daverow90@aol.com |
| Larry Sands, Employer's Attorney | | | X | ssands@cpws.net |

W/permission

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**